UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALLEN HENDERSON,<br><br>                    Petitioner,<br><br>vs.<br><br>M. POLLARD, Warden,<br><br>                    Respondent. | Case No.:  20-cv-00169-AJB-DEB<br><br>**REPORT AND<br>RECOMMENDATION<br>ON PETITION FOR WRIT OF<br>HABEAS CORPUS** |

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1.e and 72.3.e.

**I.     INTRODUCTION**

Petitioner Thomas Allen Henderson is an inmate at Richard J. Donovan Correctional Facility. On January 24, 2020, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. The Petition asserts: (1) "trial counsel . . . utterly failed to investigate and defend against alleged charges"; and (2) "[t]he state knowingly used

perjured testimony to obtain a conviction." *Id.* at 10, 11. Henderson requests an evidentiary hearing. *Id.* at 1, 24.

Respondent filed a Motion to Dismiss the Petition and lodged the state court record. Dkt. No. 13. Henderson filed an Objection. Dkt. No. 14. Respondent replied and lodged Henderson's relevant mental health records. Dkt. Nos. 20, 22.[1] For the reasons discussed below, the Court recommends DENYING Henderson's Petition.

## II.     PROCEDURAL BACKGROUND

In 2013, a San Diego County Superior Court jury found Henderson guilty of: (1) forcible sodomy; and (2) inflicting great bodily injury and assault by means likely to produce great bodily injury. Dkt. No. 13-1 at 247–48. On December 20, 2013, the Superior Court entered judgment and sentenced Henderson to seventy-five years to life plus ten years and imposed fines and fees. *Id.* 13-1 at 252–53.

Henderson asserted on appeal that: (1) the Superior Court should have stayed the assault sentence instead of running it concurrently with the forcible sodomy sentence; and (2) a portion of the fees was unauthorized. Dkt. No. 13-2. The California Court of Appeal agreed with both arguments and stayed Henderson's assault sentence and struck a portion of the fees imposed. Dkt. No. 13-5 at 5.

In 2019, Henderson filed a Petition for Writ of Habeas Corpus in the California Supreme Court raising the same issues he asserts here: ineffective assistance of trial counsel and the state's use of perjured testimony. Dkt. No. 13-6. The California Supreme Court denied his petition as untimely. Dkt. No. 13-7.

---

[1] Because the Court relies on these state court and mental health records not contained in the Petition, the Court construes Respondent's Motion as an Answer to the Petition pursuant to Rules 4 and 5 of the Rules Governing § 2254 Cases. *See Crim v. Benov*, No. 10-cv-01600-OWW-JLT, 2011 WL 1636867, at *3 (E.D. Cal. Apr. 29, 2011) ("[T]he Court has the inherent power under the Rules Governing Section 2254 Cases to construe Respondent's motion to dismiss as an answer on the merits and Petitioner's opposition to the motion to dismiss as a traverse."), *aff'd*, 471 F. App'x 670 (9th Cir. 2012).

On January 24, 2020, Henderson filed this Petition. Dkt No. 1. Respondent asserts the Petition is untimely and procedurally defaulted. Dkt. No. 13. Henderson asks the Court to excuse his delayed filing because DNA exonerates him, and he "'lacks the ability to be competent' and is either mentally ill and/or has a severe learning disability." Dkt. No. 14 at 2 (emphasis omitted). The Court ordered Respondent "to file a reply brief addressing whether Petitioner is entitled to equitable tolling based on mental illness" and requested Respondent file any relevant medical and/or mental health records. Dkt. No. 15. Respondent submitted Henderson's California Department of Corrections and Rehabilitation ("CDCR") mental health records with his Reply. Dkt. Nos. 20, 22.

## III. DISCUSSION

Respondent argues Henderson's Petition is untimely and procedurally defaulted because he did not file this Petition within the applicable limitation periods. The Court agrees.

### A. Statute Of Limitations

AEDPA's 1-year statute of limitations governs Henderson's Petition. *See Wixom v. Washington*, 264 F.3d 894, 895 (9th Cir. 2001) ("Since April 24, 1996, state prisoner habeas petitions have been subject to the statute of limitations enacted as part of the [AEDPA]."). Under AEDPA:

> A 1-year [statute] of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The California Court of Appeal entered judgment in Henderson's criminal case on January 8, 2015. Dkt. No. 13-8 at 3. His conviction and sentence became final forty days later, on February 17, 2015.[2] Absent a delayed start to the limitations period under 28 U.S.C. § 2244(d)(1)(B)–(D) or tolling, Henderson had one year (until February 17, 2016) to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A).

### *1.  Delayed Start*

Henderson does not argue 28 U.S.C. § 2244(d)(B)–(D) delays the start of the AEDPA limitations period and subsections (B) through (C) plainly do not apply. Although Henderson does not argue subsection (D) applies, his Petition asserts trial counsel "failed and refused to investigate [exculpatory] evidence" and the "state knowingly used perjured testimony to obtain a conviction." Dkt. No. 1 at 10–11. The Court, therefore, examines whether these allegations entitle him to relief from the statute of limitations.

#### a.  Failure to Investigate and Present Exculpatory Evidence

Under subparagraph (D), the limitations period commences upon discovery of previously unknown evidence upon which the habeas claim is based. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001) ("If [the petitioner] did not have, or with the exercise

---

[2] Cal. R. Ct. 8.366(b)(1) (The Court of Appeal's decision becomes final thirty days after its filing.); Cal. R. Ct. 8.500(e)(1) (A petition for review to the California Supreme Court "must be served and filed within 10 days after the Court of Appeal decision is final in that court."); *Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005) (finding petitioner's conviction became final forty days after the California Court of Appeal dismissed his direct appeal).

of due diligence could not have had, knowledge of the factual predicate of [all] elements of his claim [the limitations period is delayed until such discovery]."). Henderson's Petition, however, is not based on previously unknown facts. Instead, it concerns events known to Henderson that occurred during his trial.

Henderson's Petition alleges his trial counsel failed to investigate and, therefore, did not argue "[a] complete absence of Petitioner's DNA, semen, body fluid, blood, injury at the crime scene, or on/in the alleged victim." Dkt. No. 1 at 17, 19 (quotation marks omitted). The absence of Henderson's DNA, however, was in evidence at trial and raised on appeal. *See* Dkt. No. 13-2 at 11 (Henderson's Opening Appeal Brief: "[A]ppellant was excluded" from the "DNA from the bloodstains from the interior of the [victim's] vehicle."); *see also* Dkt. No. 13-1 at 50 (People's Trial Brief: "Testing of five [s]emen stains in the van revealed four unknown contributors.").

Henderson's Petition also alleges his counsel "refused to permit [witnesses] to testify at trial to provide exculpatory evidence" and his "entire defense examination took less than eighteen minutes using only [one] witness." Dkt. No. 1 at 19, 22. The record also establishes Henderson's prior knowledge of these alleged omissions. *See* Dkt. No. 13-6 at 6 (Henderson's State Petition for Writ of Habeas Corpus: "Other defense witnesses were waiting to testify, but counsel surprised even the judge by resting the defense.").

### b. Perjured Testimony

Henderson's perjured testimony claim rests on inconsistencies in the victim's trial testimony. These alleged inconsistencies were also known to Henderson at trial. *Compare* Dkt. No. 1 at 20–21, 23 (claiming the victim testified Henderson "hit her 'with a bottle, repeatedly kicked' [the victim], [and] cracked [her] teeth" and she did not "use . . . drugs that night of the 'rape'"), *with id.* at 21 (claiming if Henderson "did all this to [the victim,] Petitioner's body would have logically and scientifically displayed some form of injury to his body – it did not"), *and* Dkt. No. 13-2 at 11 (Henderson's Opening Appeal Brief: "A toxicologist testified [the victim] tested positive for cocaine, among other things.").

In sum, because Henderson knew about the factual predicates of the habeas claims he raises here before the date his conviction became final on February 17, 2015, his Petition (which was not filed until January 24, 2020) is untimely under 28 U.S.C. § 2244(d)(1).

### 2. *Statutory Tolling*

The AEDPA's 1-year limitations period is tolled for "the time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "An application for post-conviction review is pending while a California petitioner completes a full round of state collateral review, including during the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008) (citations and internal quotations omitted).

Henderson first sought state collateral review on August 12, 2019, when he filed a habeas petition in the California Supreme Court. The California Supreme Court denied the petition as untimely. Dkt. No. 13-8 at 6. Henderson's untimely state petition, therefore, precludes statutory tolling. *Pace v. DiGuglielmo* 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [Pennsylvania Post Conviction Relief Act] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

### 3. *Equitable Tolling*

Equitable tolling is available when a petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). Equitable tolling is unavailable in most cases because "the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

Henderson, who "bears the burden of showing that equitable tolling is appropriate," *Gaston*, 417 F.3d at 1034, argues: (1) "DNA evidence exonerates [him] and qualifies under the actual innocence doctrine"; and (2) he "lacks the ability to be competent and is either mentally ill and/or has a severe learning disability." Dkt. No. 14 at 2 (emphasis and quotation marks omitted). The Court evaluates each argument in turn.

### a. Actual Innocence

"[A] credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may . . . have his otherwise time-barred claims heard on the merits." *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011). "[T]o present otherwise time-barred claims to a federal habeas court . . . a petitioner must produce sufficient proof of his actual innocence to bring him 'within the narrow class of cases . . . implicating a fundamental miscarriage of justice' . . . [and] [t]he evidence of innocence must be 'so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 937–38 (quoting *Schlup v. Delo*, 513 U.S. 298, 314–16 (1995)). An actual innocence claim requires "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* at 938.

Henderson bases his actual innocence claim on alleged exonerating DNA evidence. Dkt. No. 14 at 1. This is neither "new reliable evidence" (as discussed, the absence of Henderson's DNA from the victim's vehicle was presented at trial) nor evidence that is "so strong that [the] court cannot have confidence in the outcome of [his] trial" (because the victim's DNA was found on Henderson). *Schulup,* 513 U.S. at 316. Henderson's "actual innocence" claim, therefore, does not entitle him to equitable tolling.

### b. Mental Impairment

A mental impairment can support equitable tolling. *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (The Ninth Circuit has "long recognized equitable tolling in the context of a petitioner's mental illness."). A mental impairment, however, is insufficient

by itself to warrant equitable tolling. Instead, a petitioner must establish the mental impairment "in fact caused him to fail to meet the AEDPA filing deadline." *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003); *Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) ("[T]he mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence.").

Henderson seeks equitable tolling based on his "documented cognitive learning disability with a T.A.B.E. [Test of Adult Basic Education] score of 2.6." Dkt. No. 14 at 1, 4 (emphasis and quotation marks omitted). But Henderson has not alleged this (or any other) mental impairment was the "but-for cause" of his failure to timely file his Petition. A low T.A.B.E. score, standing alone, is insufficient to establish equitable tolling. *See Cardenas v. Warden*, No. 20-cv-08237-SVW-GJS, 2021 WL 880402, at *6 (C.D. Cal. Jan. 29, 2021) (finding equitable tolling was not available where petitioner asserted he had a low TABE score and "cognitive learning disorder" without explaining how they "affected his ability to seek relief following the State Conviction"), *report and recommendation adopted*, 2021 WL 3208026 (July 27, 2021); *Chavez v. Yates*, No. 08-cv-6512-JVS-PLA, 2009 WL 2163501, at *5 (C.D. Cal. July 14, 2009) (granting motion to dismiss petition as time barred because "[c]onclusory assertions of mental incapacity will not suffice" to justify equitable tolling of the statute).

The Court has independently reviewed Henderson's November 15, 2013 psychological examination (Dkt. No. 13-1 at 148) and his CDCR mental health records from January 27, 2014 to the present (Dkt. No. 22). Nothing in them suggests Henderson suffered from a mental impairment that prevented him from meeting the AEDPA filing deadline. Henderson's "mental impairment" claim, therefore, does not entitle him to equitable tolling.[3]

---

[3] The Court finds no grounds to hold an evidentiary hearing on Henderson's alleged mental impairment. "Where the record is amply developed, and where it indicates that the

### B. Procedural Default

Respondent also argues Henderson's Petition is procedurally defaulted. Dkt. No. 13-8 at 3–5.

"[A] federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). This principle applies to untimely state petitions. *See Nolan v. Callahan*, No. 20-55714, 2021 WL 3829361, at *1 (9th Cir. Aug. 27, 2021) ("California's timeliness requirement is an independent and adequate state procedural rule which will bar federal relief if violated.") (citing *Walker v. Martin*, 562 U.S. 307, 316–317 (2011)).

A habeas petitioner may obtain federal review of a procedurally defaulted claim by demonstrating "cause" and "prejudice." *Coleman v. Thompson*, 501 U.S. 729, 750 (1991). Adequate cause must be an "external" factor that cannot fairly be attributed to the petitioner. *Id.* at 753. Prejudice requires "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). If a petitioner is "unable to establish cause and prejudice . . . [he] may obtain review of his constitutional claims" by demonstrating actual innocence of the crime underlying the conviction. *Schlup*, 513 U.S. at 313–15 (internal quotations omitted). Actual innocence requires "new facts [that]

---

petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also Orthel v. Yates*, 795 F.3d 935, 939–40 (9th Cir. 2015) (evidentiary hearing not required where record of mental incompetence is amply developed). The record is amply developed here because the Court has received and reviewed: (1) the evidence Henderson submitted in support of his mental incompetence claim; and (2) Henderson's mental health records from 2014 to the present.

raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of [his] trial . . . ." *Id.* at 317.

The California Supreme Court found the claims Henderson raises in this Petition (incompetent trial counsel and prosecutorial misconduct) untimely. Dkt. No. 13-8 at 3. Henderson's claims, therefore, are procedurally defaulted unless he can: (1) show cause and prejudice; or (2) make a credible claim of actual innocence. Henderson does not claim cause or prejudice, nor does the Court find any in the record. And, as explained above, Henderson has no viable actual innocence claim. Henderson's Petition, therefore, is procedurally defaulted.

### C. Henderson Is Not Entitled to An Evidentiary Hearing

Henderson requests an evidentiary hearing on the "lack of scientific evidence and documented habitual perjury by [the victim]." Dkt. No. 1 at 24.  As discussed, the record establishes Henderson's Petition is both time-barred and procedurally defaulted. An evidentiary hearing, therefore, is unnecessary. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record.").

### IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying Henderson's Petition as untimely and procedurally defaulted.

IT IS HEREBY ORDERED that **on or before March 17, 2022,** any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation."

/ /
/ /
/ /
/ /
/ /

IT IS FURTHER ORDERED that any reply to objections shall be filed and served **within seven (7) days of the filing of the objections.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court order. *Martinez v Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:  February 28, 2022

Honorable Daniel E. Butcher
United States Magistrate Judge