UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALLEN HENDERSON,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>M. POLLARD, Warden,<br><br>　　　　　　　　　　　Respondent. | Case No.: 20-cv-00169-AJB-DEB<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION and**<br><br>**(2) DENYING PETITIONER'S PETITION AS UNTIMELY AND PROCEDURALLY DEFAULTED**<br><br>**(Doc. Nos. 13, 25)** |

**I.　　BACKGROUND**

Before the Court is Thomas Allen Henderson's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Warden M. Pollard ("Respondent") filed a Motion to Dismiss the Petition and lodged the state court. (Doc. No. 13.) The Court referred the matter to Magistrate Judge Daniel E. Butcher for a Report and Recommendation ("R&R"), which he issued on March 1, 2022. (Doc. No. 25.) The R&R recommends the Court construe Respondent's motion to dismiss as an Answer to the

Petition and deny the Petition. (*Id.* at 2.)[1] The parties were instructed to file written objections to the R&R with the Court no later than March 17, 2022. (*Id.* at 10.)

## II. DISCUSSION

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's R&R. The district judge must "make a *de novo* determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). "The statute [§ 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). Thus, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Reyna-Tapia*, 328 F.3d at 1123.

Neither party has filed an objection to the Magistrate Judge's R&R, and the time to do so has passed. Having reviewed the R&R, the Court finds it thorough, well-reasoned, and contains no clear error. Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R in its entirety. (Doc. No. 25.)

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules following 28 U.S.C. § 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability is appropriate "only where a petitioner has made a "substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). The standard requires a petitioner to show that reasonable jurists could debate whether the petition should have been resolved

---

[1] The pinpoint page citations refer to the ECF-generated page numbers at the top of each filing.

in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons set forth in the R&R and incorporated herein, the Court finds that this standard has not been met and therefore **DECLINES** to issue a certificate of appealability.

## IV.   CONCLUSION

Based on the foregoing, the Court **ADOPTS** the R&R in its entirety, construes the motion to dismiss as an Answer to the Petition,[2] and **DENIES** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. Nos. 13, 25.) The Court further **DECLINES** to issue a certificate of appealability and **DIRECTS** the Clerk of Court to enter judgment in favor of Respondent and close this case.

**IT IS SO ORDERED**.

Dated:  March 28, 2022

Hon. Anthony J. Battaglia
United States District Judge

---

[2] "[T]he Court has the inherent power under the Rules Governing Section 2254 Cases to construe Respondent's motion to dismiss as an answer on the merits and Petitioner's opposition to the motion to dismiss as a traverse." *Crim v. Benov*, No. 10-cv-01600-OWW-JLT, 2011 WL 1636867, at *3 (E.D. Cal. Apr. 29, 2011), *aff'd*, 471 F. App'x 670 (9th Cir. 2012).